UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID BLACKMAN, | ) | CASE NO. 4:13 CV1990 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner David Blackman filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241 (ECF No. 1). Blackman, who is incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton's Warden as Respondent. He alleges Respondent has failed to provide time and space for him to worship as a Unitarian Universalist, in violation of the Constitution. For the reasons set forth below, this action is dismissed.

*Background*

Blackman describes himself as a Unitarian Universalist. He is currently serving an unspecified sentence imposed by the United States District Court for the Eastern District of Michigan. The Bureau of Prisons (BOP) website indicates he is scheduled for release on January 12, 2023.

When Blackman entered the federal prison system in 2010, he states he did not recall

expressing any religious preference. He did later learn, however, that F.C.I. Elkton did not offer fellowship services to Unitarians. After meeting other Unitarians at the prison, Blackman began an effort to reserve fellowship time for them in the interfaith chapel.

F.C.I. Elkton's Chaplain Johnson, who oversees religious services, directed Blackman to complete a "New or Unfamiliar Religious Components Questionnaire," BP-A0822. Typically, the form notes, a decision on a BP-A0822 request could take up to 120 days because it is reviewed by staff at the institutional, regional, and national levels. After 126 days passed, however, Blackman submitted a query requesting feedback on the status of his request. Johnson responded directly to Blackman in a letter dated May 3, 2012. His review into the matter disclosed there were "no religious requirements for those who practice Unitarian Universalism." (Doc. No. 2-5 at 1.) Because "[t]he Religious Servies Department operates religious programs with guidance from established religious practices in society[,]" he encouraged Blackman "to function in the institution as an individual practioner." *Id.* Blackman interpreted the Chaplain's response as a denial of his request for fellowship time in the chapel. Moreover, he challenged the fact that the Chaplain did not indicate whether he sought further input beyond the Religious Services Department. As such, he believed he had a due process right to have his issue reviewed at the regional and national levels.

Blackman then began to pursue his administrative remedies through the BOP. The Regional Office's responded that the SENTRY records revealed Blackman's religious preference as a Seventh Day Adventist, since May 29, 2011. He refuted the record and contacted his counselor to change it, which he believes the counselor did. In the interim, Blackman filed an appeal to the Central Office on August 14, 2012. Two months later, Blackman's Unit Manager

advised him that he could consider his appeal denied, pursuant to 28 C.F.R. § 542.18, because the Central Office failed to respond within the requisite time frame. The petition before this Court followed.

The substance of Blackman's petition is threefold: (1) he claims Chaplain Johnson denied his right to due process because he never submitted his request for Unitarian chapel time through all administrative levels; (2) the BOP denied him the same rights enjoyed by other religious groups and (3) the BOP is denied him the right to congregate, which is critical tenet of Unitarianism.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Blackman has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses any petitioner's claim that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who

seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has personal jurisdiction over a habeas corpus petition only if it has jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Because Blackman's custodian is within the geographical reach of this Court, it has personal over Blackman's custodian. For reasons outlined below, however, the Court lacks subject matter jurisdiction.

*No Habeas Remedy*

Without question, a petition for writ of habeas corpus filed by a federal inmate under § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). A habeas corpus proceeding is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As the Supreme Court explained in *Nelson v. Campbell*, 541 U.S. 637 (2004), however, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* at 643; *see Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

Here, Blackman does not raise any challenge that would affect the length or duration of his confinement. Instead, he asserts the Respondent is violating his rights under the Religious Land Use and Institutionalized Persons Act, as well as the Constitution, to worship as a Unitarian. In his prayer for relief, he seeks an Order from this Court directing the BOP to allow

him to worship in the interfaith chapel with other Unitarians. There is nothing in the habeas statute that would entitle him to such relief. Therefore, Blackman cannot seek redress from this Court based on alleged violations of his Constitutional right to freely practice his religion.

*Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice to any civil rights action Blackman may seek to pursue in the future. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 10/8/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE